IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

KELVION, INC., a foreign corporation, )
                                               Plaintiff, )
v. ) Case No. 17-CV-355-GKF-FHM
BRION ENERGY CORPORATION, )
a foreign corporation, )
                                               Defendant. )

## OPINION AND ORDER

Before the court is defendant Brion Energy Corporation's Motion to Dismiss the Amended Complaint [Doc. No. 19]. For the reasons set forth below, the motion is granted.

## I. Background

This dispute arises from a Purchase Order Agreement between Brion and plaintiff Kelvion, Inc., executed August 22, 2012.[1] Per the Agreement, Kelvion was obligated to ship Glycol Heat Exchangers to Brion in Alberta, Canada. To that end, Kelvion provided Brion with an estimate for freight shipment expenses. Final freight expenses exceeded Kelvion's estimate by $671,324.39, which Kelvion attributes, in part, to "frost laws"—seasonal restrictions on weight limits and speeds on roadways subject to thaw weakening. Brion refuses to pay the additional cost.

As a result, Kelvion filed suit in Oklahoma state court on May 17, 2017, alleging claims for breach of contract, quantum meruit, and unjust enrichment. The case was removed to this court on June 21, 2017. A week later, Brion moved to dismiss, in part, on the basis of a forum selection clause in the Agreement. Kelvion mooted that motion on July 19, 2017, by filing an

---

[1] The Purchase Order was executed between predecessor corporations to the parties in this matter. Kelvion and Brion are the successors in interest. [Doc. No. 2-1, p. 1, ¶ 5, n.1]; [Doc. No. 19, p. 8].

Amended Complaint. The Amended Complaint omits any claim for breach of contract, but retains the quantum meruit and unjust enrichment claims. On August 1, 2017, Brion again moved to dismiss on the basis of the forum selection clause, which provides: "This Purchase Order shall be governed by and construed in accordance with the laws of the Province of Alberta and the Parties agree to accept and submit to the exclusive jurisdiction of the courts of the Province of Alberta." [Article 20.1, Doc. No. 19-1, p. 35].

## II. Legal Standard

Forum selection "clauses are *prima facie* valid and should be enforced." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992); *accord Sun Specialized Heavy Haul, LLC v. Ace Heavy Haul, LLC*, No. 16-CV-491-GKF-PJC, 2016 WL 4942333, at *1 (N.D. Okla. Sept. 13, 2016). And they "generally come in two varieties—mandatory or permissive." *See Sun Specialized*, 2016 WL 4942333. Mandatory clauses contain "clear language showing that jurisdiction is appropriate only in the designated forum." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (quotation marks and citation omitted). Permissive clauses merely "authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id.* (quotation marks and citation omitted). The court enforces a mandatory forum selection clause unless it is "invalid" or enforcement would be "unreasonable and unjust" under the circumstances." *XETA Techs., Inc. v. Exec. Hosp., Inc.*, No. 08-CV-197-GKF-PJC, 2008 WL 5070726, at *1 (N.D. Okla. Nov. 21, 2008).

"[T]he appropriate way to enforce a forum-selection clause pointing to a . . . foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. Dist. Court for the W. Dist. of Tex.*, 134 S.Ct. 568, 580 (2013). That analysis entails a "balancing of interests standard." *Id.* "Relevant factors ordinarily include: the plaintiff's choice of forum; cost and

2

convenience to the parties and witnesses; and public administration considerations." *Sun Specialized*, 2016 WL 4942333, at *1 (citing *Atl. Marine*, 134 S.Ct. at 581, n.6).

"A valid forum selection clause, however, changes the calculus." *Id.* at *2 (citing *Atl. Marine*, 134 S.Ct. at 581). *First*, "the plaintiff's choice of venue merits no weight." *Atl. Marine*, 134 S.Ct. at 581. "[B]y contract[ing] to bring suit in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Id.* *Second*, arguments about the parties' private interests are irrelevant. "Where parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient." *Id.* The court "accordingly *must* deem the private-interest factors to . . . favor the preselected forum," *id.* (emphasis added); the court "may consider arguments about public-interest factors only," *id.*

### III. Analysis

Kelvion "carries a heavy burden" in opposing enforcement of the Purchase Order Agreement's forum selection clause. *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992). Kelvion attempts to sidestep that burden by arguing the clause does not apply to its quantum meruit or unjust enrichment claims. [Doc. No. 24, pp. 8–9]. The court is unpersuaded. As a general matter, "the doctrine of quantum meruit . . . applies in the absence of an express contract"—that is to say, a claimant may only recover in quantum meruit where relief "involves obligations outside the scope of [an] express contract." *See BB&B Const., Inc. v. Hogan*, 17 F. App'x 850, 851 (10th Cir. 2001); *see also Hillyer v. Pan Am. Petroleum Corp.*, 348 F.2d 613, 623 (10th Cir. 1965); *Feldman v. MCZ Dev. Corp.*, Case No. 12-cv-431-GKF-TLW, 2013 WL 12131596, at *5 (N.D. Okla. Feb. 4, 2013). So too for unjust enrichment. *See Horton v. Bank of Am., N.A.*, 189 F. Supp. 3d 1286, 1289 (N.D. Okla. 2016). "[U]njust enrichment is

generally unavailable where the plaintiff has an adequate remedy at law." *Id.* (citing *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1035 (Okla. 2006). That includes circumstances where "'an enforceable express contract regulates the relations of the parties with respect to the disputed issue.'" *Id.* (quoting *Member Servs. Life Ins. Co. v. Am. Nat'l Bank & Trust Co. of Sapulpa*, 130 F.3d 950, 957 (10th Cir. 1997).

Therefore, to adjudicate this lawsuit, the court "will likely have to enforce or interpret the [Purchase Order Agreement] because a valid, express contract between the parties may bar recovery based upon quantum meruit or unjust enrichment." *All. Commc'ns Co-op., Inc. v. Glob. Crossing Telecommc'ns, Inc.*, No. 06-3023-KES, 2007 WL 1964271, at *9 (D.S.D. July 2, 2007); *see also Cedars-Sinai Med. Ctr. v. Glob. Excel Mgmt., Inc.*, No. 09-3627 PSG AJWX, 2010 WL 5572079, at *6 (C.D. Cal. Mar. 19, 2010). And there is little doubt that—at a minimum—Kelvion's claims are factually related to the parties' Purchase Order Agreement. *See* [Doc. No. 15, pp. 1–3, ¶¶ 3–5, 7–17, 20–24]; *In re ImagePoint, Inc.*, No. CIV.A. 3:12-410, 2013 WL 2457900, at *3 (E.D. Tenn. June 6, 2013); *BMR & Assocs., LLP v. SFW Capital Partners, LLC*, 92 F. Supp. 3d 128, 138 (S.D.N.Y. 2015); *Riddle v. Geckobyte.com, Inc.*, No. 2:16-CV-613 DBH, 2017 WL 758485, at *1 (D. Me. Feb. 27, 2017). To be sure, Brion does not believe the Purchase Order Agreement supports recovery of the freight costs at issue in this case. [Doc. No. 24, pp. 8–9]. But that only proves that the court would have to construe the Agreement and determine whether its existence and potential application would bar recovery in this case. For these reasons, the court joins other jurisdictions which have repeatedly "found that an agreement's forum[ ] selection clause applies to a claim for quantum meruit [ ]or unjust enrichment." *NC Contracting, Inc. v. Munlake Contractors, Inc.*, No. 5:11-CV-766-FL, 2012 WL 5303295, at *6 (E.D.N.C. Oct. 25, 2012) (collecting cases).

More generally, Kelvion contends it is improper for the court to consider the Purchase Order Agreement at the motion to dismiss stage because it is not central to Kelvion's claims. [Doc. No. 24, pp. 10–12]. The court disagrees. Where a "document is referred to in the complaint and is central to plaintiff's claim, the defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001) (quotation marks omitted). The Amended Complaint impliedly references the Purchase Order Agreement; indeed, that transaction put into motion the transport for which Kelvion seeks additional payment. [Doc. No. 15, pp. 2–3, ¶¶ 7–12]. And whatever Kelvion may think, the existence of an express agreement may well bar its ability to recover in this case. *See supra*, at 3–4.

"If forum selection clauses are to be enforced as a matter of public policy, that . . . policy requires that they not be defeated by artful pleading of claims." *See Coastal Steel Corp. v. Tighman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983), *overruled on other grounds by Wall Street Aubrey Gold, LLC v. Aubrey*, 189 F. App'x 92 (3d Cir. 2006); *accord Cedars-Sinai*, 2010 WL 5572079, at *6. That is especially important where "claims grow out of the contractual relationship, or if 'the gist' of those claims is a breach of that relationship." *See Anselmo v. Univision Station Grp., Inc.*, No. 92 Civ. 1471 (RLC), 1993 WL 17173, at *2 (S.D.N.Y. Jan. 15, 1993); *accord BMR*, 92 F. Supp. 3d at 136.

There is no dispute that the forum selection clause in this case is mandatory. When "jurisdiction is specified," a court will "enforce a forum selection clause [as mandatory] if there is . . . additional language indicating the parties' intent to make venue exclusive." *See Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005). The clause here meets that standard—it "submit[s]" the parties "to the exclusive jurisdiction of the courts" of

Alberta. [Doc. No. 14-2, p. 32]. The term "exclusive" has often been held to create a mandatory forum selection clause. *See Am. Soda*, 428 F.3d at 927; *Herr Industries, Inc. v. CTI Systems, SA*, 112 F.Supp.3d 1174, 1178–79 (D. Kan. 2015) (enforcing "exclusive" venue in Luxembourg courts); *Baldwin v. Aviva Life & Annuity Co.*, Case No. 2:16-CV-202-DN, 2017 WL 722001, at *3–4 (D. Utah Feb. 23, 2017); *Irsik & Doll Feed Servs., Inc. v. Roberts Enter. Investments, Inc.*, Case No. 6:16-1018-EFC-GEB, 2016 WL 3405175, at *9 (D. Kan. June 21, 2016) (collecting cases); *Gallagher's NYC Steakhouse Franchising, Inc. v. 1020 15th Street, Inc.*, Civil Action No. 08-cv-1639-PAB-BNB, 2009 WL 1796297, at *3 (D. Colo. June 23, 2009).

"As the party acting in violation of the forum-selection clause," Kelvion "bear[s] the burden of showing that public-interest factors overwhelmingly disfavor" dismissal. *See id.* Factors generally include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Piper Aircraft Co.*, 454 U.S. at 241, n.6. "In all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain." *Atl. Marine Constr. Co.*, 134 S.Ct. at 583.

This is not an unusual case. Kelvion presents no evidence "that administrative difficulties or court congestion will prevent . . . recei[pt] [of] a timely and fair trial in" the courts of Alberta. *See Cardoni v. Prosperity Bank*, No. 14-CV-0319-CVE-PJC, 2014 WL 3369334, at *8 (N.D. Okla. July 9, 2014). Nor does Kelvion dispute that Alberta courts have a greater interest in applying Canadian law, which governs the Agreement. Instead, Kelvion suggests that Oklahoma courts have a greater interest in applying Oklahoma law, which governs the unjust enrichment and quantum meruit claims. But even assuming Oklahoma law does apply, the court is "[un]aware of any exceptionally arcane features of [state contract law] that are likely to defy

comprehension by" a sister-court in Alberta. *See Atl. Marine Constr. Co.*, 134 S.Ct. at 584. And, in any case, it is far from clear that Oklahoma—and not Alberta—law covers activities and obligations undertaken in connection with the Purchase Order Agreement.

      WHEREFORE, Brion's Motion to Dismiss [Doc. No. 19] is granted.

      IT IS SO ORDERED this 28th day of August, 2017.

                                    GREGORY K. FRIZZELL, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT